IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| MARVALEE J. SINGLETON,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,<br><br>Defendant. | CV-13-03-GF-DLC-RKS<br><br>**FINDINGS & RECOMMENDATIONS** |

## I. SYNOPSIS

Ms. Singleton claims that she is unable to work due to disability, and seeks benefits from the Social Security Administration. An Administrative Law Judge found she was not entitled to benefits. She challenges that determination. The ALJ's decision is supported by substantial evidence, including Ms. Singleton's employment history and the opinions of two reviewing doctors. The decision is not based on legal error, as the ALJ properly considered the evidence and rejected

certain testimony only with adequate reasons.  Summary judgment should be granted in favor of the defendant.

## II. JURISDICTION

The federal district court has jurisdiction pursuant to 42 U.S.C. § 405(g).  The case was referred to the undersigned for the submission of proposed findings and recommendations by United States District Judge Dana L. Christensen on March 20, 2013.  CD 9; 28 U.S.C. § 636(b)(1)(A).

## III. STATUS

Ms. Singleton filed for Disability Insurance Benefits and Supplemental Security Income on March 11, 2009, alleging a disability onset date of December 31, 1998.  Tr. at 134-147.  She later amended the alleged onset date to October 2008.  Tr. 189.  Her claims were denied initially on July 1, 2009, Tr. 91-93, and again on reconsideration in an undated report.  Tr. 99-102.  Ms. Singleton timely requested a hearing on March 24, 2010.  Tr. 103-104.  A hearing was held on March 21, 2011 Id. at 35-50.

The Administrative Law Judge ("ALJ") determined Ms. Singleton was not disabled in a decision issued June 4, 2011.  Tr. 13-22.  The Appeals Council denied review on November 27, 2012.  Tr. 1-5.  Ms. Singleton filed a complaint challenging the ALJ's decision, in accordance with 42 U.S.C. § 405(g), on January

10, 2013.  CD 3.

That Complaint is now before the Court.  Both parties have filed motions for summary judgment.  CD 13, 19.  Those motions are now pending and ripe for disposition.

## IV. STANDARDS

**Court's standard of review**

The Court has discretion to affirm, modify, or reverse the ALJ's decision with or without a rehearing.  42 U.S.C. § 405(g).  The ALJ's decision may be set aside only where the decision is not supported by substantial evidence or where the decision is based on legal error.  <u>Maounis v. Heckler</u>, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing <u>Delgado v. Heckler</u>, 722 F.2d 570, 572 (9th Cir. 1983)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).  Substantial evidence is "more than a mere scintilla" but "less than a preponderance."  <u>Desrosiers v. Sec. of Health and Human Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988).  The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion.  <u>Green v. Heckler</u>, 803 F.2d 528, 530 (9th Cir. 1986) (citing <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985)).  While the Court may not substitute its findings for

those of the ALJ, it may reject the findings not supported by the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**Disability criteria**

A claimant is disabled for purposes of the Social Security Act if the claimant proves by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the ALJ follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the ALJ finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. At step one, the claimant must show that he is not currently engaged in substantial gainful activity. Id. At step two the claimant must demonstrate that he has a severe

impairment. Id. At step three the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. Id. If that case is made, at step five the burden shifts to the ALJ to prove that the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience, and residual functional capacity ("RFC"). Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).

## V. ANALYSIS

**ALJ's determination**

At step one, the ALJ determined that Ms. Singleton has not engaged in any substantial gainful activity since October, 2008. At step two, the ALJ determined Ms. Singleton has two "severe" impairments that cause significant limitations in her ability to perform basic work activities: back disorders and obesity. Tr. 15.

At step three, the ALJ found that Ms. Singleton does not have an impairment or combination of impairments that meets or medically equals the criteria of the Listing of Impairments. Tr. 16.

At step four the ALJ found that Ms. Singleton is capable of performing her

past relevant work as a cashier. Tr. 21. Despite finding that Ms. Singleton can perform past relevant work, the ALJ proceeded to step five, and found that Ms. Singleton also has the residual functioning capacity to perform other jobs. Tr. 21.

**Plaintiff's allegations**

Ms. Singleton contends the ALJ's finding that she is able to work is not supported by substantial evidence. She argues that the ALJ erred by:

1. Disregarding the opinions of Ms. Singleton's treating physician, Dr. Nora Norum;

2. Improperly finding that Ms. Singleton's testimony was not credible;

3. Improperly finding that Ms. Singleton's employer not credible.

4. Disregarding the testimony of the vocational expert, stating that a worker with certain hypothetical impairments would be unable to work.

CD 14, p. 13.

The Commissioner argues that the ALJ's findings are supported by substantial evidence, the ALJ was justified in discounting in the opinions of Dr. Norum, and the ALJ adequately explained his decision to find the testimony of Ms. Singleton and her employer non-credible. CD 21.

**I. Substantial evidence supports the ALJ's finding that Ms. Singleton is not disabled.**

The ALJ noted that Ms. Singleton worked full time as a cook until she was

laid off, and continues to work part time as a fast food cook. Tr. 18. The ALJ observed that Ms. Singleton can perform daily activities like housework, and has no trouble driving. Tr. 18. Ms. Singleton testified that she is capable of working as a delivery driver, so long as the job does not include stocking. Tr. 51. See 20 C.F.R. § 404.1512(c) (evidence includes work experience, efforts to work, and daily activities).

Dr. Tim Schofield and Dr. William Fernandez both reviewed Ms. Singleton's medical record, and opined that Ms. Singleton was capable of activities within the Residual Functional Capacity. Tr. 270, 387. Objective medical findings did not reveal major abnormalities. Tr. 385; See Green v. Heckler, 803 F.2d 528, 531 (9th Cir. 1986) (medical reports provided substantial evidence supporting the Secretary's determination that claimant could work).

The ALJ relied on the claimant's daily activities and work activity, medical records, doctors' assessments and Ms. Singleton's own testimony. Tr. 21. His determination that she can perform past relevant work or, alternatively, that she has the residual functional capacity to perform other jobs, is supported by substantial evidence

.

## II. The ALJ's determination is not based on legal error.

It is the ALJ's job to weigh conflicting evidence. Thomas v. Barnhart, 278 F.3d 947, 956-957 (9th Cir. 2002). The ALJ appropriately did so here.

### A. The ALJ gave adequate reasons to disregard certain opinions from the treating physician.

Treating physicians' opinions are generally entitled to greater weight than non-treating physicians' opinions. 20 C.F.R. § 404.1527(d). If the treating doctor's opinion is not contradicted by another doctor, it may rejected only for clear and convincing reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). If the treating doctor's opinion is contradicted by another doctor, it may be rejected with specific and legitimate reasons supported by substantial evidence in the record. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).

Dr. Norum opined that Ms. Singleton must lie down for four hours each day between 8 a.m. and 5 p.m. Tr. 416. Dr. Norum opined that Ms. Singleton "cannot maintain much employment," Tr. 302, and would be expected to miss three days or more of work per month, Tr. 416.

Dr. Norum's opinion regarding Ms. Singleton's limitations was contradicted by Dr. Tim Schofield and Dr. William Fernandez, who concluded that Ms. Singleton does have the ability to perform light work. Tr. 270-276, 387-388. Dr.

Schofield opined that Ms. Singleton was physically capable of working within the parameters of the residual functional capacity described by the ALJ. Tr. 274. Dr. Fernandez also opined, after reviewing her medical record, that Ms. Singleton could perform within the limits set forth in the residual functional capacity.

Because Dr. Norum's opinion is contradicted by other doctors, the ALJ need only provide specific and legitimate reasons to reject it. The ALJ explained that he rejected Dr. Norum's opinion because is was internally inconsistent and not supported by the medical record. He observed that while Dr. Norum said Ms. Singleton had to recline for four hours during the work day, Dr. Norum said in the same report that Ms. Singleton could sit, stand or walk for a total of seven hours in an eight-hour work day. Tr. 20 (referencing Tr. 414, 416). The ALJ pointed out that Dr. Norum recognized Ms. Singleton could perform daily living activities, with no difficulties except walking at a regular pace on a rough surface. Tr. 20. The ALJ observed that Dr. Norum said Ms. Singleton has limited use of her hands, but treatment records show Ms. Singleton has normal grip strength and range of motion in both hands. Tr. 20. The internal inconsistencies and contradictions in the medical record are specific, legitimate reasons. The ALJ did not err in rejecting Dr. Norum's opinions.

**B.     The ALJ gave adequate reasons to find Ms. Singleton's testimony non-credible.**

The ALJ determined that Ms. Singleton's testimony regarding her symptoms and limitations was not fully credible.  Tr. 19.  There is some confusion as to the Ninth Circuit's standard for reviewing an ALJ's claimant-credibility determination.  In Bunnell v. Sullivan, 947 F.2d 341, 345-346 (9th Cir. 1991) (en banc), the court held that the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds."  Subsequently, some Ninth Circuit panels have applied a higher standard, though Bunnell has not been overturned.  See United States v. Camper, 66 F.3d 229, 232 (9th Cir. 1995) (only court sitting en banc can overturn en banc precedent).  Those panels have required the ALJ to provide "clear and convincing" reasons to reject a claimant's credibility.  See e.g. Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009).

Here, either standard is satisfied.  The ALJ thoroughly set forth the reasons he found Ms. Singleton's testimony not fully credible.  He explained that her testimony was not consistent with her past descriptions of the extent of her back pain and the effectiveness of injections to relieve pain.  The ALJ stated that her testimony regarding her ability to work was undermined by her testimony that she

left a job in 2008 only because of a seasonal layoff, rather than disability.

Additionally, she told the ALJ she did not pursue treatment because she lacked medical insurance, but in fact she was insured by Medicaid. Finally, Ms. Singleton violated her pain management contract by seeking and receiving pain pills from multiple sources. Tr. 19.

Those were proper considerations regarding credibility. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ considering claimant credibility may consider prior inconsistent statements concerning the symptoms, other testimony by the claimant that appears less than candid, unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; claimant's daily activities, claimant's work record). They are clear and convincing, and certainly satisfy the "sufficiently specific" standard.

**C.    The ALJ did not err in disregarding the lay testimony of Ms. Singleton's employer.**

Ms. Singleton contends that the ALJ ignored testimony from Ms. Singleton's former employer at Subway, that Ms. Singleton required many breaks throughout the day. Tr. 24 (referencing Tr. 254). The ALJ may reject the testimony of lay witnesses if he gives reasons germane to each witness whose testimony he rejects. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). The ALJ did not "ignore"

the employer's testimony, but stated that he gave it little weight. Tr. 20. The ALJ explained that he gave the testimony little weight because it was inconsistent with other evidence in the record. Tr. 20. Even so, the ALJ's determination is not necessarily inconsistent with the testimony. He did not conclude that Ms. Singleton could work as a sandwich maker or cook, but that she could perform past relevant work as a cashier, and also had the residual functional capacity to work under a limited range of conditions. Tr. 18-21.

> **D.** **The ALJ did not err in relying on a hypothetical that included Ms. Singleton's credible limitations.**

Ms. Singleton argues that the ALJ erred by relying on a hypothetical that did not include all of Ms. Singleton's limitations. The ALJ has discretion to determine what restrictions actually apply to the claimant. Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1980). The ALJ need not include limitations in the hypothetical if the record does not reflect that the claimant actually has those limitations. Id. As discussed above, the ALJ properly determined Ms. Singleton's credible limitations. He relied on a hypothetical that included those limitations. That there is some evidence of other limitations is not sufficient to disturb the ALJ's conclusions. Robbins, 466 F.3d at 882.

## VI. CONCLUSION

The ALJ's determination that Ms. Singleton is not disabled within the meaning of the Social Security Act is supported by substantial evidence and is not based on legal error. Summary judgment should be granted in favor of the Commissioner.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED:**

1. Plaintiff's Motion for Summary Judgment, CD 13, be DENIED.

2. The Commissioner's Motion for Summary Judgment, CD 20, be GRANTED.

3. This matter be DISMISSED, and judgment entered in favor of the Defendant pursuant to Federal Rule of Civil Procedure 58.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 21st day of August, 2013.

_____
Keith Strong
United States Magistrate Judge