IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MARVALEE J. SINGLETON,<br><br>               Plaintiff,<br><br>   vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner, Social Security<br>Administration<br><br>               Defendant. | CV 13–03–GF–DLC<br><br><br>ORDER |

Plaintiff Marvalee Singleton filed this action seeking review of the denial of her claim for Disability Insurance Benefits and Supplemental Security Income. United States Magistrate Judge Keith Strong issued findings and recommendations on August 21, 2013, recommending that Defendant's motion for summary judgment (doc. 19) be granted. Singleton timely objected to Judge Strong's findings and recommendations and is therefore entitled to *de novo* review of the specified findings or recommendations to which she objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981).

1

For the reasons stated below, this Court adopts Judge Strong's findings and recommendations in full.  Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

Singleton contends that Judge Strong erred by failing to incorporate her undisputed statement of facts.[1]  Singleton asserts that because the Commissioner failed to contest her statement of facts, she is entitled to summary judgment.  The Commissioner, however, filed a cross motion for summary judgment and this included a statement of undisputed facts which effectively contests Singleton's statement of facts.   Judge Strong correctly considered both parties' statements of undisputed facts and the administrative record as a whole.  This objection is therefore without merit.

Singleton contends that Judge Strong erred by finding that the objective medical findings did not reveal any major abnormalities.  Singleton bases this contention on the fact that the ALJ found Singleton has severe impairments of back disorders and obesity.  The ALJ's finding of impairment, however, does not also require a finding that Singleton has "major abnormalities" evidenced by

---

[1]  Singleton refers to her statement of undisputed facts as her "proposed uncontested findings of fact," but no such document (or section of any filing) is given this label, so the Court assumes Singleton intends to refer to her Statement of Undisputed Facts (doc. 15).

objective medical findings.  Furthermore, a finding of impairment does not
preclude the ALJ from correctly finding that Singleton was capable of performing
past relevant work and/or had the residual functional capacity to perform other
jobs.  Judge Strong's review was appropriately limited to determining whether
substantial evidence supports the determination of the ALJ or whether the ALJ's
determination was based on legal error.  *Maounis v. Heckler*, 738 F.2d 1032, 1034
(9th Cir. 1984).  The ALJ must weigh conflicting evidence and resolve the
conflict.  *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir 2002).  "Where the
evidence is susceptible of more than one rational interpretation, one of which
supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Id.*, 278 F.3d
at 954.  The fact that some evidence of impairment exists does not require a
determination that a claimant is disabled.  *See Green v. Heckler*, 803 F.2d 528,
531.  Judge Strong correctly concluded that objective medical findings did not
reveal major abnormalities.

Singleton contends that Judge Strong's findings and recommendations
require the Court to "ignore" portions of the record favoring her claim for benefits.
(Doc. 25 at 4).  This contention is without merit.  Judge Strong correctly
considered all relevant portions of the record, including those portions that favor
Singleton.  The record, when considered as a whole, reveals substantial evidence

3

supports the ALJ's determination that Singleton is not entitled to benefits. This is all that is required to affirm the determination of the ALJ. *Maounis*, 738 F.2d at 1034.

Similarly, Singleton argues that Judge Strong "simply ignores" Dr. Norum's opinion that Singleton would be absent from work more than three days per month for medical problems and would need to lie down for four hours each day. (Doc. 25 at 5.) First, this contention has no dispositive legal effect because "[p]art-time work may be considered substantial" and "time is only one factor considered in determining gainful activity." *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990) (citing 20 C.F.R. §§ 404.1572(a), 404.1573(b)-(e)). Thus, even if Dr. Norum's opinion regarding the need for Singleton to miss some work were true it does not preclude a correct determination that Singleton is not disabled. Furthermore, Judge Strong did consider Dr. Norum's opinion and found substantial evidence in the record for the ALJ to reject it because it was contradicted by the testimony of two other physicians, and "was internally inconsistent and not supported by the medical record." (Doc. 24 at 9). Judge Strong found that the record provided "specific, legitimate reasons" to reject Dr. Norum's opinion. (Doc. 24 at 9, referencing *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). Judge Strong specifically noted that the same report in which Dr. Norum asserted

4

Singleton must lie down for four hours per day also said that Singleton had the ability to sit, stand, or walk for a total of seven hours in an eight-hour work day. Judge Strong also noted that Dr. Norum's opinion about Singleton's need to lay down was not supported by her own treatment records which reflect that Singleton was fully capable of performing her daily activities. Judge Strong did not "ignore" the opinions of Dr. Norum. Judge Strong correctly concluded that the ALJ provided specific, legitimate reasons to reject Dr. Norum's opinion regarding Singleton's need to lay down during the day and miss work.

Singleton contends that her diagnosis with carpal tunnel syndrome was not adequately considered. The ALJ, however, noted that Dr. Norum's opinion that Singleton had limited use of her hands was internally inconsistent in that Dr. Norum also found no loss of grip strength and a normal range of motion in both hands. Meanwhile, the examining physician, Dr. Schofield, found "no evidence of a totally disabling condition," (ex. 2F at 6), and this was affirmed by Dr. Fernandez. (Ex. 5F). The opinion of Dr. Norum was therefore given little weight. The ALJ gave specific and legitimate reasons to afford little weight to Dr. Norum's opinion concerning Singleton's hands. *Murray*, 722 F.2d at 502. Accordingly, this objection is without merit.

Singleton contends Judge Strong erred by allowing the ALJ to give undue

5

weight to the opinions of the two non-treating physicians and elevate these

opinions over the opinion of the treating physician.  Singleton contends evidence of

spinal canal narrowing was ignored.  Contrary to Singleton's contention, the results

from the MRI showing spinal canal narrowing were not ignored, but considered.

The MRI showed only "mild facet arthopathy" and confirmed that "the canal and

foramina are not significantly narrowed."  (Ex.4F at 95).  This evidence was

considered by the ALJ and is not inconsistent with the findings of the examining

physicians.  The ALJ did find an impairment, but considered the record as a whole

to ultimately make the determination that Singleton was not disabled.  Again, the

ALJ provided specific, legitimate reasons for giving the opinions of Dr. Norum

little weight.  Accordingly, this objection is without merit.

Singleton contends that Judge Strong erred by affirming the ALJ's finding

that Singleton lacked credibility.  Singleton asserts that her acknowledged ability to

perform daily activities and chores is not inconsistent with her pain complaints.

However, it was not on the basis of her performance of daily activities that the ALJ

found Singleton's testimony not fully credible.  The ALJ found Singleton to be not

fully credible because (1) her complaints about pain were inconsistent with the

medical record, (2) her testimony about the effectiveness of pain treatment was

inconsistent with the medical record, (3) her testimony that she lacked health

insurance was untrue, (4) her testimony about her ability to work was undermined by her testimony that she was laid off because of a slow work season, rather than a disability, and (5) because Singleton violated her pain management plan by seeking pain medication from multiple sources.  All of these reasons were proper considerations for the ALJ in making an adverse finding regarding Singleton's credibility.  *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  Judge Strong correctly found that the ALJ's finding that Singleton was not fully credible was supported by either the clear and convincing standard or the sufficiently specific standard.  *See Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991)(en banc)(applying the "sufficiently specific" standard) *and Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009)(applying the "clear and convincing" standard).

To the extent that Singleton makes any other objections to the findings and recommendations, they are either duplicative of those already addressed, or not stated with sufficient specificity to warrant de novo review.  None of Judge Strong's other findings and recommendations evidence clear error and accordingly they will be affirmed.

IT IS ORDERED that

1.  The Findings and Recommendations of Judge Strong (doc. 24) are

ADOPTED IN FULL.

    2.  Plaintiff's Motion for Summary Judgment (doc. 13) is DENIED.

    3.  Defendant's Motion for Summary Judgment (doc. 19) is GRANTED.

    4.  This matter is DISMISSED with prejudice, judgment shall be entered in

favor of Defendant, and this case is CLOSED.

    Dated this 30th day of September 2013.


                                 Dana L. Christensen, Chief District Judge
                                 United States District Court